# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-1172**                    **September Term, 2022**

**USTC-6103-20**

**Filed On:** March 10, 2023

Larry Welenc,

      Appellant

    v.

Commissioner of Internal Revenue,

      Appellee

## ON APPEAL FROM THE UNITED STATES TAX COURT

**BEFORE:**    Wilkins, Rao, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motions to stay, which the court construes as motions to hold this appeal in abeyance, the response thereto, the reply, the motions for an immediate decision on the first abeyance motion, and the notice of withdrawal; the motion filed on February 7, 2023, to extend the time for filing the reply brief; the motion to govern filed on February 26, 2023; the motion to certify a question of law pursuant to 28 U.S.C. § 1254, the response thereto, and the reply; and the motion for production of documents, the response thereto, and the reply, it is

**ORDERED** that the motions to hold the appeal in abeyance and for an immediate decision on the first motion to hold in abeyance be dismissed as moot. The U.S. Supreme Court denied appellant's petition for writ of certiorari on February 21, 2023. It is

**FURTHER ORDERED** that the motion to extend time and the motion to govern be denied. It is

**No. 22-1172**                                    **September Term, 2022**

**FURTHER ORDERED** that the motion to certify a question of law be denied. Appellant has not demonstrated that the extraordinary remedy of certifying a question of law to the Supreme Court is warranted. It is

**FURTHER ORDERED** that the motion to compel production be denied. The Federal Rules of Appellate Procedure do not provide for requests to compel production of documents. It is

**FURTHER ORDERED AND ADJUDGED** that the Tax Court's July 11, 2022 order granting the government's motion for summary judgment and denying appellant's motion to clarify, and the Tax Court's July 21, 2022 order denying appellant's motions for post-judgment relief, be affirmed. The Tax Court correctly concluded that appellant failed to identify a ministerial or managerial Internal Revenue Service error warranting abatement of interest on his unpaid tax balance. See 26 U.S.C. § 6404(e)(1). Insofar as appellant raises arguments in his brief with respect to the Internal Revenue Service's actions in previous cases, the agency's failure to respond to his request for an administrative appeal, or the agency's procedure for issuing notices of intent to levy, those arguments do not call into question the validity of the Tax Court's ultimate holding. Finally, insofar as appellant asserts that the record before the Tax Court was incomplete, he has identified no documents that are missing from the record.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk